**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2021000303**

MAR 02, 2021 09:18 AM

Melba Scoggins, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

JOSEPH CARTER;

    Plaintiff,

        CIVIL ACTION

v.

        FILE NO. _____

TOTAL TRANSPORTATION OF
MISSISSIPPI, LLC;

    Defendant.

---

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, by and through counsel of record, and files this Complaint for Damages showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a collision involving a tractor-trailer operated by Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC (hereinafter "TOTAL TRANSPORTATION OF MISSISSIPPI") and its driver, CURTIS SELLERS, and Plaintiff's vehicle that occurred on 150 Old Allatoona Road SE on May 30, 2019 in Bartow County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

TOTAL TRANSPORTATION OF MISSISSIPPI is a corporation.

3.

At all times material to this Complaint, TOTAL TRANSPORTATION OF MISSISSIPPI was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as a for-hire interstate motor carrier of property.

4.

At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") assigned TOTAL TRANSPORTATION OF MISSISSIPPI with USDOT No. 434467.

5.

At the time of the collision described in this Complaint, Defendant TOTAL TRANSPORTATION OF MISSISSIPPI was registered with the FMCSA as an intrastate motor carrier of property.

6.

At the time of the collision described in this Complaint, Defendant TOTAL TRANSPORTATION OF MISSISSIPPI was registered with the FMCSA as an intrastate motor carrier of property and was operating a motor vehicle with a gross vehicle weight rating of 10,001 or more pounds.

7.

At all times material hereto, TOTAL TRANSPORTATION OF MISSISSIPPI  was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation ("USDOT") contained in Title 49 of the Code of Federal Regulations and as approved and adopted by the State of Georgia.

8.

At all times material hereto, TOTAL TRANSPORTATION OF MISSISSIPPI  was not permitted to operate  a motor vehicle over the public roadways unless it as a motor carrier had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9.

9.

At all times material hereto, TOTAL TRANSPORTATION OF MISSISSIPPI was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

10.

At all times material hereto, TOTAL TRANSPORTATION OF MISSISSIPPI was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

11.

At the time of the collision described in this Complaint, defendant TOTAL TRANSPORTATION OF MISSISSIPPI had automobile liability coverage for compensatory damages that were caused through the negligent operation of the commercial motor vehicle that defendant TOTAL TRANSPORTATION OF MISSISSIPPI  was operating at the time of the subject collision.

12.

The Federal Motor Carrier Safety Regulations require that every interstate motor carrier (of property or passengers) shall designate a process agent, upon whom court papers may be served in any legal proceeding brought against such motor carrier.  This designation shall be made for each State, in which the motor carrier is authorized to operate and for each State traversed during such operations. TOTAL TRANSPORTATION OF MISSISSIPPI hired:  United States Corporation Company to be its blanket company and designated as its process agent: United States Corporation Company, 40 Technology Pkwy South #300, Norcross Georgia, 30092 to be its designated agent of service of process in the State of Georgia.

13.

TOTAL TRANSPORTATION OF MISSISSIPPI may be served with summons and complaint through the BOC-3 Designated Process Agent United States Corporation Company, 40 Technology Pkwy South #300, Norcross Georgia, 30092.

14.

TOTAL TRANSPORTATION OF MISSISSIPPI may be served with summons and complaint through the Georgia Non-Resident Motorist Statute.

15.

TOTAL TRANSPORTATION OF MISSISSIPPI may be served with summons and complaint through its President: John D. Stomps At 125 Riverview Drive Richland, Mississippi 39218.

16.

Once served with process, TOTAL TRANSPORTATION OF MISSISSIPPI is subject to the jurisdiction of this Court.

17.

TOTAL TRANSPORTATION OF MISSISSIPPI was properly served with process in this civil action.

18.

TOTAL TRANSPORTATION OF MISSISSIPPI was sufficiently served with process in this civil action.

19.

Venue in the above-styled civil action is proper in this County and Court as to TOTAL TRANSPORTATION OF MISSISSIPPI.

20.

At the time of the collision described in this Complaint, a TOTALTRANSPORTATION OF MISSISSIPPI DRIVER was operating a tractor-trailer over the public roadways in Bartow County, Georgia.

21.

At the time of the collision described in this Complaint, a TOTALTRANSPORTATION OF MISSISSIPPI DRIVER was operating a Freightliner Truck owned by Defendant TOTAL TRANSPORTATION OF MISSISSIPPI over the public roadways in Bartow County, Georgia.

22.

At the time of the collision described in this Complaint, a TOTALTRANSPORTATION OF MISSISSIPPI DRIVER was operating a trailer owned by Defendant TOTAL TRANSPORTATION OF MISSISSIPPI over the public roadways in Bartow County, Georgia.

23.

At the time of the collision described in this Complaint, a TOTALTRANSPORTATION OF MISSISSIPPI DRIVER was operating a tractor-trailer with the permission of Defendant TOTAL TRANSPORTATION OF MISSISSIPPI over the public roadways in Bartow County, Georgia.

24.

At the time of the collision described in this Complaint, a TOTALTRANSPORTATION OF MISSISSIPPI DRIVER was responsible for the safe and reasonable operation of a commercial motor vehicle over the public roadways within and throughout the State of Georgia.

25.

At all times material hereto, a TOTALTRANSPORTATION OF MISSISSIPPI DRIVER was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations as approved and adopted by the State of Georgia.

26.

At the time of the collision described in this Complaint, Defendant a TOTAL TRANSPORTATION OF MISSISSIPPI DRIVER was a permissive driver.

27.

At the time of the collision described in this Complaint, Defendant a TOTAL TRANSPORTATION OF MISSISSIPPI DRIVER was a permissive driver and covered by a policy of automobile liability insurance.

## FACTS

28.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

29.

On May 30, 2020, Plaintiff Joseph Carter was parked in his Freightliner Cascade Tractor Trailer at Love's Travel Stop on 150 Old Allatoona Road Southeast.

30.

On May 30, 2020, Plaintiff Joseph Carter was parked in his Freightliner Truck at Love's Travel Stop on 150 Old Allatoona Road Southeast waiting on the mechanic shop.

31.

On May 30, 2020, the Defendant a TOTAL TRANSPORTATION OF MISSISSIPPI DRIVER was operating the tractor-trailer on 150 Old Allatoona Road Southeast in Cartersville, Georgia.

32.

On May 30, 2020, a TOTAL TRANSPORTATION OF MISSISSIPPI DRIVER was operating the tractor-trailer on 150 Old Allatoona Road Southeast at Love's Travel Stop.

33.

On May 30, 2020, the Defendant a TOTALTRANSPORTATION OF MISSISSIPPI DRIVER was operating the tractor-trailer at Love's Travel Stop when he was not paying proper attention to his surroundings while driving.

34.

On May 30, 2020, Defendant CURTIS SELLERS' tractor-trailer struck Plaintiff's Freightliner tractor with his trailer.

35.

On May 30, 2020, Defendant CURTIS SELLERS' tractor-trailer struck Plaintiff's tractor with his trailer when passing Plaintiff's truck.

36.

Defendant TOTAL TRANSPORTATION OF MISSISSIPPI conducted its own investigation into the cause of the subject collision.

37.

Defendant TOTAL TRANSPORTATION OF MISSISSIPPI concluded that Defendant a TOTALTRANSPORTATION OF MISSISSIPPI DRIVER was the sole cause of the subject collision.

38.

No act or failure to act on the part of any Plaintiff caused or contributed to the cause of the collision described in this Complaint.

39.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

40.

No act or failure to act on the part of any third party caused or contributed to the injuries suffered by Plaintiff in the collision described in this Complaint.

41.

No act or failure to act on the part of a Plaintiff caused or contributed to the cause of his claimed injuries.

42.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

43.

Plaintiff was an innocent victim of the collision described in this Complaint.

44.

The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and damages.

45.

Defendant TOTAL TRANSPORTATION OF MISSISSIPPI agrees that it should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

46.

Defendant TOTALTRANSPORTATION OF MISSISSIPPI's DRIVER was an employee of TOTAL TRANSPORTATION OF MISSISSIPPI at the time of the collision described in this Complaint.

47.

Defendant TOTALTRANSPORTATION OF MISSISSIPPI's DRIVER was acting in the course and scope of his employment with Defendant TOTAL TRANSPORTATION OF MISSISSIPPI at the time of the collision described in this Complaint.

48.

Defendant TOTALTRANSPORTATION OF MISSISSIPPI's DRIVER was an agent of TOTAL TRANSPORTATION OF MISSISSIPPI at the time of the collision described in this Complaint.

49.

Defendant TOTALTRANSPORTATION OF MISSISSIPPI's DRIVER was acting in the course and scope of his agency with Defendant TOTAL TRANSPORTATION OF MISSISSIPPI at the time of the collision described in this Complaint.

## COUNT I - LIABILITY OF DEFENDANT MOTOR CARRIER

## TOTAL TRANSPORTATION OF MISSISSIPPI, LLC

50.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

51.

TOTAL TRANSPORTATION OF MISSISSIPPI was the owner of the truck described in this Complaint.

52.

TOTAL TRANSPORTATION OF MISSISSIPPI was the owner of the trailer described in this Complaint.

53.

TOTAL TRANSPORTATION OF MISSISSIPPI was the motor carrier responsible for the hiring, training qualifying and supervising of all drivers operating its trucks, including for its driver.

54.

TOTAL TRANSPORTATION OF MISSISSIPPI negligent in the following ways:

a.     Negligently inspecting the tractor-trailer that Defendant TOTALTRANSPORTATION
       OF MISSISSIPPI's driver was operating at the time of the collision described in this
       Complaint;

b.     Negligently maintaining the tractor-trailer that Defendant OTALTRANSPORTATION
       OF MISSISSIPPI's Driver was operating at the time of the collision described in this
       Complaint;

c.     Negligently hiring or contracting with Defendant TOTALTRANSPORTATION OF
       MISSISSIPPI's driver to drive the tractor-trailer at issue;

d.     Negligently training its driver;

e.     Negligently entrusting Defendant TOTALTRANSPORTATION OF MISSISSIPPI's
       driver to drive the tractor-trailer in a reasonably safe manner;

f.     Negligently retaining Defendant TOTALTRANSPORTATION OF MISSISSIPPI's
       driver to drive the tractor-trailer at issue;

g.     Failing to supervise its driver; and

h.     Otherwise failing to act as a reasonably prudent company under the circumstances.

55.

Defendant TOTAL TRANSPORTATION OF MISSISSIPPI was also negligent *per se* in the
cause of this collision by operating the subject tractor-trailer in violation of O.C.G.A. § 40-6-48.

56.

As a direct and proximate result of the negligence of Defendant motor carrier TOTAL
TRANSPORTATION OF MISSISSIPPI and its driver in the ensuing collision, Plaintiff's sustained
injuries.

57.

Defendant motor carrier TOTAL TRANSPORTATION OF MISSISSIPPI is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff as a result of the collision described in this Complaint.

## COUNT II: RESPONDENT STATE LIABILITY OF DEFENDANT TOTAL TRANSPORTATION OF MISSISSIPPI FOR NEGLIGENCE OF ITS DRIVER CURTIS SELLERS

58.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59.

At all relevant times, TOTAL TRANSPORTATION OF MISSISSIPPI's driver owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.     Colliding into that was in beside him;

b.     Failing to keep a proper and sufficient following distance from vehicles ahead;

c.     Failing to keep a proper lookout for vehicles;

d.     Failing to make reasonable and proper observations while driving;

e.     Failing to drive at a reasonable and prudent speed under the conditions;

f.     Failing to drive at a reasonable distance;

g.     Failing to obey traffic laws; and

h.     Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

60.

Defendant TOTALTRANSPORTATION OF MISSISSIPPI's driver was also negligent *per se* in the cause of this collision.

61.

As a direct and proximate result of the negligence of Defendant and its driver, Plaintiff sustained injuries, losses and damages.

62.

Defendant TOTAL TRANSPORTATION OF MISSISSIPPI is responsible and liable for the negligent acts of its driver under a theory of *respondeat superior* and control.

63.

As a direct and proximate result of the negligence of Defendant's driver, Plaintiff incurred and is entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for their general damages, including past and future pain and suffering and related damages.

64.

As a direct and proximate result of the breaches of duty by Defendant TOTAL TRANSPORTATION OF MISSISSIPPI and its driver, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a)      A trial by jury;

b)      For Summons and Complaint to issue against each Defendant;

c)      For judgment against each Defendant to compensate Plaintiff for past and future injuries, losses and damages;

d)      For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)      For judgment against Defendant motor carrier and its driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f)      Court costs, discretionary costs, and prejudgment interest; and

g)      For all such further and general relief which this Court deems just and proper.


Dated this 2nd day of March 2021.

WITHERITE LAW GROUP, LLC

/s/ R. Sean McEvoy
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
ATTORNEY FOR PLAINTIFF

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:    470-480-7540
FACSIMILE:    470-480-5095
E-MAIL:       SEAN.MCEVOY@WITHERITELAW.COM